# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Danny Levon Mobley,** ) | Case No. 2:14-cv-2645-DCN-MGB |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Carolyn Colvin,** ) | |
| ) | |
| **Commissioner of Social** ) | |
| **Security Administration,** ) | |
| _____ ) | |

Plaintiff Danny L. Mobley, through counsel, brought this action to obtain judicial review of an unfavorable final administrative decision denying benefits on her application for a period of disability and disability benefits ("DIB") pursuant to Title II of the Social Security Act ("SSA"). See Section 205(g) of the SSA, as amended, 42 U.S.C. § 405(g). This matter was referred to the Magistrate Judge for a Report and Recommendation pursuant to Local Rule 73.02(B)(2)(a) and 28 U.S.C. § 636(b)(1)(B). Having carefully considered the parties' briefs, the administrative record, and applicable authority, the Magistrate Judge recommends that the Commissioner's final decision be **affirmed**, based on the following proposed findings of fact and conclusions of law:

## I. Relevant Statutory Law

The SSA provides that disability benefits are available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are disabled within the meaning of the statute. 42 U.S.C. § 423(a). The "Plaintiff for disability benefits bears the burden of proving a disability." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). For purposes of the statute, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations set forth a five-step sequential process that considers a Plaintiff's age, education, and work experience in addition to [the Plaintiff's] medical condition. 20 C.F.R. §§ 404.1520(a). To be entitled to benefits, "[t]he Plaintiff (1) must not be engaged in 'substantial gainful activity,' i.e., currently working; and (2) must have a 'severe' impairment that (3) meets or exceeds the 'listings' of specified impairments, or is otherwise incapacitating to the extent that the Plaintiff does not possess the residual functional capacity ["RFC"] to (4) perform [the Plaintiff's] past work or (5) any other work." *Albright v. Comm'r*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The Plaintiff bears the burden of production and persuasion through the fourth step. If the Plaintiff reaches step five, the burden shifts to the government to provide evidence that other work exists in significant numbers in the national economy that the Plaintiff can do. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). In this case, the ALJ determined that the Plaintiff was not disabled at the fifth step of the sequential process.

## II. Background

The relevant facts have been extensively set forth in the ALJ's decision and in the parties' briefs, and need only be summarized here: Plaintiff was born August 16, 1962 and was 48 years old at the time of his alleged disability onset date (defined as "an individual closely approaching advanced age"). (DE# 13-2 at 20, paragraph 7; AR 28). He communicates in English, has a limited education (quit school at age 15 in 9th grade and later obtained a GED), has a driver's license, and is married and lives with his wife. (AR 28, 41-43). He has past relevant work experience as a crane operator loading container ships. (AR 29).

On February 21, 2012, he filed an application for DIB benefits, alleging disability as of August 26, 2010 due to back and neck problems. (AR ). The applications were denied initially and on reconsideration. (AR 45-57, 60-69). Upon request, Administrative Law Judge Edward T. Morriss ("ALJ") held a hearing on March 6, 2013, at which the Plaintiff (represented by legal counsel) and a vocational expert ("VE") both testified. (AR 25-45, Hrg. Tr.). On March 29, 2013, the ALJ issued a decision, finding that the Plaintiff was not disabled from the alleged onset date through the date of decision. (AR 13-2 at 21). The Appeals Council denied review (AR 1-3). The ALJ's decision is the final decision of the Commissioner.

### III.  Standard of Review

The Court's review of the Commissioner's final decision is limited to: (1) whether substantial evidence supports such decision; and (2) whether the Commissioner applied the correct legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Perales*, 402 U.S. at 401). Substantial evidence is defined as "more than a mere scintilla but less than a preponderance." *Smith v. Chater*, 99 F.3d 635, 637–38 (4th Cir. 1996).

The reviewing court may not re-weigh the evidence, make credibility determinations, or substitute its judgment for that of the Commissioner, so long as that decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456. It is the duty of the Commissioner, not the courts, to make findings of fact and resolve conflicts in the evidence. *Id*. at 1456; *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979) ("the court does not find facts or try the case *de novo* when reviewing disability determinations"). If the Commissioner's decision is supported by substantial

evidence, it must be affirmed, even if the court would decide the case differently. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## IV.   Arguments Presented

Plaintiff argues that the ALJ allegedly 1) "performed a flawed credibility analysis;" 2) did not consider "the combined effects of impairments;" and 3) "failed to properly consider and evaluate the medical evidence, particularly the medical opinion of the treating physician." Plaintiff also argues that 4) "remand is appropriate for the additional evidence submitted to the Appeals Council to be considered." (DE# 18 at 1).

The Commissioner responds that the Court should affirm the ALJ's decision because "substantial evidence supports the ALJ's assessment that Plaintiff was not fully credible; the ALJ properly assessed Plaintiff's impairments in combination; the ALJ properly rejected an opinion from a treating physician that was not supported by the medical evidence; and the ALJ's decision is supported by substantial evidence notwithstanding the 'new' evidence submitted by Plaintiff." (DE# 19 at 1-2).

## V.   Discussion

### A. Whether the ALJ's credibility findings are supported by substantial evidence

Although Plaintiff argues that the ALJ "performed a flawed credibility analysis," the Commissioner accurately points out that the actual issue before the Court is whether the ALJ's credibility determination is supported by substantial evidence.

Review of the ALJ's decision reflects that substantial evidence supports the ALJ's finding that Plaintiff's allegations were "not fully credible." The ALJ cited Social Security Ruling 96–7p (AR 16-17), which explains that if the ALJ does not find a claimant's statements to be fully credible, the ALJ must cite specific reasons based on the evidence. SSR 96–7p

("Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements"), 1996 WL 374186 at *1-3); *and see, e.g., Dean v. Barnhart*, 421 F.Supp.2d 898, 906 (D.S.C. 2006) (discussing SSR 96-7p). Factors used to assess the credibility of an individual's subjective symptoms and allegations of pain may include: the individual's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; any medication taken to alleviate pain or symptoms; treatment and other measures used to relieve symptoms; and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3). An ALJ is not required to state specific findings on each and every factor. *See, e.g., Heeman v. Colvin*, Case No. 2:13–3607–TMC-MGB, 2015 WL 5474679, *11 (D.S.C. Sept. 16, 2015); *Hutton v. Colvin*, 2015 WL 3757204, *38 (N.D.W.Va.).

The Commissioner points out that, consistent with SSR 96-7p, the ALJ articulated appropriate reasons for finding the Plaintiff's allegations of disabling pain "not fully credible." The ALJ found that Plaintiff's testimony was not consistent with the medical evidence. (DE# 19 at 13). The ALJ observed that clinical examinations typically found Plaintiff in "no acute distress" and did not show significant deficits in his physical abilities. For example, on May 3, 2012, physical examination by consulting orthopedic surgeon Dr. Harriet Steinert, M.D., showed that Plaintiff had full range of motion in the cervical spine, no tenderness to palpation of the spine, no muscle atrophy, normal grip strength, and negative leg raises. (AR 293-96, Ex. 8F). Plaintiff could walk with a normal gait, walk on his toes and heels, do tandem walking, squat down, bend over, and had no trouble getting on the examination table. (AR 296). Physical examinations by treating physicians also found that Plaintiff had good strength in his upper and lower extremities. (AR 270-86).

Additionally, the ALJ observed that the Plaintiff's reported activities of daily living and testimony regarding his ability to function were inconsistent with his claims of disabling pain. Plaintiff acknowledged that he was able to wash clothes, mow the lawn with a riding mower, walk for exercise up to 45 minutes, shop for groceries, and cook simple meals. (AR 17-18, 161-66).[1] Plaintiff described washing his truck and spending four hours scraping and painting his house windows while standing on a stepladder, although he indicated he was "done" for the day after painting.[2] (AR 17-18, 39-40). The ALJ accurately noted that Plaintiff testified that he has pain when using a brush to wash his truck. (AR 17). He is able to take care of his own hygiene and manage his own funds. This evidence supports the ALJ's finding that Plaintiff's pain and resulting functional limitations were not as severe as alleged. *See Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005) (Plaintiff's daily activities were inconsistent with claim that he was unable to perform basic work functions); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986).

Plaintiff does not challenge these reasons (i.e. subjective allegations of pain inconsistent with medical evidence and activities of daily living). The Commissioner points out that such reasons provide substantial evidence for the ALJ's credibility finding. Plaintiff challenges the fact that the ALJ accurately mentioned Plaintiff's decision not to follow through with certain treatment recommendations by his treating physicians. (DE# 18 at 12-30). The Fourth Circuit Court of Appeals has held that "an unexplained inconsistency between the claimant's characterization of the severity of h[is] condition and the treatment [he] sought to alleviate that condition is highly probative of the claimant's credibility." *Mickles v. Shalala*, 29 F.3d 918, 930

---

[1] Plaintiff claims that the ALJ "distorted" and "mischaracterized." the evidence because he indicated the Plaintiff could make "make simple meals." Plaintiff indicated he could "made sandwiches and used the microwave." Plaintiff's argument is over-stated, as any minor difference in these descriptions provides no basis for remand.

[2] Plaintiff's brief disputes whether he was standing "on" or "off" the stepladder when painting the house windows. The argument in the brief appears to misconstrue the testimony, but regardless, this minor point makes no difference in the analysis.

(4th Cir.1994). Although Plaintiff contends he cannot take medication and did not want to use a spinal stimulator device, the ALJ accurately described Plaintiff's reluctance to try additional treatment and the stated reasons. To obtain benefits, a claimant must follow treatment prescribed by his physician if the treatment can restore the claimant's ability to work. 20 C.F.R. § 404.1530 ("If you do not follow the prescribed treatment without a good reason, we will not find you disabled."). *Dunn v. Colvin*, 607 F.App'x 264, 2015 WL 3451568 (4th Cir. (Va.) 2015) (observing that noncompliance indicates a lack of credibility only where "there are no good reasons" for failing to follow treatment); SSR 96–7p, 1996 WL 374186 (July 2, 1996).

Regardless of whether Plaintiff had "good reasons" for declining further treatment (which the Commissioner disputes), the Commissioner correctly points out that "where an ALJ cites multiple reasons as bases for finding that a claimant is not fully credible, an error in one basis does not warrant remand where substantial evidence supports the other bases nonetheless. *Davis v. Colvin*, Case No. 9:12-cv-2244-CMC-BM, 2014 WL 172513, *3 (D.S.C. Jan. 15, 2014) (finding ALJ's error regarding plaintiff's failure to follow prescribed treatment harmless because the ALJ did not base the credibility finding solely on that ground). "Routinely, Courts have found harmless error where only one or a few reasons among many were improper, where the remaining bases constitute substantial evidence." *Johnston v. Colvin*, Case No. 9:13-cv-2098-BHH-BM, 2015 WL 893064, *3 (D.S.C. Mar. 3, 2015) (affirming Commissioner's decision on such basis).

The Commissioner further points out Plaintiff's argument is premised on a misapplication of SSR 82-59. The Commissioner asserts that such ruling only "applies <u>where an ALJ finds a claimant disabled</u> in the sequential evaluation process, but then deems claimant nonetheless not entitled to benefits due to the claimant's failure to obtain treatment." (DE# 19 at

12, emphasis added) (citing *Oliver v. Colvin*, Case No. 0:13-cv-653-TMC-PJG, 2014 WL 1870779, *7 (D.S.C. May 8, 2014) ("[SSR 82-59] is not applicable unless [claimant] is first found to be otherwise disabled")). Here, the ALJ did not find that the Claimant was disabled. *See, e.g., Myers v. Comm'r*, 456 F. App'x 230, 232 n.3 (4th Cir. 2011) ("the ALJ found Myers was not disabled because Myers had failed to meet his burden in establishing a disability, not because he failed to follow prescribed treatment"); *see also, e.g., Boyd v. Colvin*, Case No. 0:13–cv–638–TLW-PJG, 2014 WL 4097924, *9 (D.S.C. August 18, 2014) ("Boyd has not shown that the ALJ relied on noncompliance as the basis for finding Boyd not disabled and cannot demonstrate that the ALJ violated SSR 82–59"). Here, the ALJ's opinion does not indicate that he would have found Mobley disabled but for his noncompliance with suggested treatment and medication. In assessing credibility, the ALJ properly noted Mobley's noncompliance with medication and his stated reasons, i.e. alleged inability to tolerate certain medication. (AR 17 "He related that the medications prescribed for his pain have made him sick.").

Contrary to Plaintiff's argument (see DE# 18 at 20-21), the ALJ did not find Plaintiff less credible because he did not take prescribed medication after experiencing side effects. Instead, as the Commissioner points out, "the ALJ found that Plaintiff's decision not to even try medications "suggest[ed] that [his] pain may not have been as serious as alleged." (DE# 18 at 15-16, citing AR 17). The Commissioner asserts that "this is a permissible finding under SSR 96-7p because the ALJ knew of Plaintiff's reasons for forgoing treatment ... [but] did not find the reasons persuasive." (*Id*.). *See Hunter v. Sullivan*, 993 F.2d 31, 36 (4th Cir.1992) (claimant's failure to sustain consistent treatment regimen supported ALJ's credibility determination that claimant's pain complaints were inconsistent with evidence).

The ALJ's opinion does not reflect that he primarily relied on Mobley's noncompliance with prescribed treatment in determining his RFC. The ALJ observed that consulting state agency physicians (Dr. William Cain, M.D. and Dr. Hugh Wilson, M.D.) reviewed the medical file and opined that Plaintiff was capable of working, thus undermining the Plaintiff's allegations of limitations of disabling severity. (AR 52-55; 60-69); *see also, e.g., Hutchinson v. Astrue*, 2012 WL 1267887, *8 (M.D.N.C.) ("the issue … is not whether Plaintiff's pain exists; it undoubtedly does and the ALJ so acknowledged…[the issue is whether the ALJ considered the record as a whole and properly determined] that the extent and limiting effects of that pain were not as great as he claimed").

It is the ALJ's duty to weigh all the evidence and make credibility determinations. *Hays*, 907 F.2d at 1456. The ALJ properly relied upon the record as a whole in assessing credibility. "It is the province of the [ALJ], and not the courts, to make credibility determinations." *Mickles*, 29 F.3d at 929. The ALJ appropriately considered the Plaintiff's subjective claims and adequately explained the reasons for his credibility findings. The ALJ's credibility determination is supported by substantial evidence.

B.  <u>Whether the ALJ appropriately considered the combined effects of impairments</u>

Next, the Plaintiff argues that the ALJ allegedly erred by not considering the "combined effect" of Plaintiff's impairments at step three of the analysis. (DE# 18 at 22-23). See 20 C.F.R. § 404.1520(a)(4)(iii). Contrary to Plaintiff's argument, the ALJ specifically explained that he had considered "the combination of claimant's impairments." (AR 16 "moreover I have considered the combined effects of the claimant's impairments"). The ALJ discussed all of Plaintiff's impairments, including cervical and lumbar degenerative disc disease and anxiety (which was found non-severe), and then identified the reasons and evidentiary basis for his conclusion. (AR

16).³ *See e.g., Martin v. Colvin*, Case No. 12-cv-3656-DCN, 2014 WL 4809846 (D.S.C. Sept. 26, 2014) (explaining what an ALJ should consider when determining if a combination of impairments met or was medically equivalent of the listings).

Furthermore, the ALJ stated his reasons for finding that Plaintiff's cervical and lumbar degenerative disc disease did not meet Listing 1.04C. Although Plaintiff suggests that such impairments and related pain did meet Listing 1.04C, the record reflects that the ALJ adequately identified the reasons and evidentiary basis for his conclusion. (AR 16).⁴ As the Commissioner correctly points out, one requirement of Listing 1.04C is that the impairment must "result[] in inability to ambulate effectively, as defined in 1.00B2b." (DE# 19 at 17-18, citing 20 C.F.R. Part 404, Subpart P, App. 1, § 1.04(C). The ALJ explained that the medical evidence indicated that Plaintiff did not have an extreme limitation in his ability to walk and was able to ambulate effectively. (AR 16-19). For example, he noted that Dr. Steinert found that Plaintiff was able to walk across the room with no assistive devices with a normal gait. (AR 296). Plaintiff testified that he walked his dog and was able to walk for forty-five minutes every night. (AR 38, 163). He did not use a cane or other assistive device. Additionally, state agency physicians Dr. William Cain, M.D., and Dr. Hugh Wilson, M.D., both noted in their assessments that "walking limitations [were] not supported by the evidence." (AR 51, 67). The ALJ's conclusion that Plaintiff could ambulate effectively, and thus, did not meet the requirements of Listing 1.04C, is supported by substantial evidence.

C. Whether the ALJ "failed to properly consider and evaluate certain medical evidence

---

³ As state agency physician Dr. William Cain, M.D., noted in his assessment, "the claimant did not allege anxiety, the LR was sent a letter asking if his client suffers from anxiety, in a phone call to this office, he states that anxiety is not an issue and he takes no medication for it." (DE# 51).

⁴ Although Plaintiff refers to the ALJ "playing doctor" and making "callous understatements" in his final decision, the Commissioner asserts (and review confirms) that the ALJ's statements about Plaintiff's testimony were accurate. (DE# 19 at 15, n. 7).

Next, Plaintiff contends that the ALJ did not properly consider the opinion of the treating physician, Dr. William Robertson, M.D. The Commissioner responds that "this is nothing more than an invitation for the court to re-weigh the evidence and come to a different conclusion regarding Listing 1.04C, which the applicable standard of review prohibits." (DE# 19 at 17). The Commissioner correctly points out that the weight given to a medical opinion depends on various factors, including the degree to which the opinion is supported by relevant evidence and consistent with the record as a whole. 20 C.F.R. § 404.1527(c)(3)-(4); *Hines v. Barnhart*, 453 F.3d 559, 563 n.2 (4th Cir. 2006) ("The treating physician rule is not absolute. An 'ALJ' may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence."). The RFC assessment and ultimate determination as to disability are reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1)-(3).

Dr. Richardson began treating Plaintiff in September 2010 (AR 270), and the last visit in the record is from February 2012 (AR 286).[5] Dr. Richardson provided a check-the-box RFC opinion regarding Plaintiff's ability to handle work activities, such as sitting, standing, walking, carrying, with minimal explanatory notes for any limitations. (AR 26, 260-63). 20 C.F.R. § 404.1527(c)(3) (indicating "the better an explanation you provide, the more weight we will give your opinion"); 20 C.F.R. § 404.1527(d)(2)-(3).[6] The Commissioner points out that the ALJ assigned "little weight" to such opinion because Dr. Richardson's "assessment [was] not consistent with the treatment records" (AR 19). The Commissioner points out that the Plaintiff

---

[5] The Commissioner points out that Plaintiff's characterization of a "five year treating history" is inaccurate. The records reflect only a one and one-half year relationship. See 20 C.F.R. § 404.1527(c) (listing factors used to determine the weight accorded a medical opinion, including length of treatment relationship and frequency of examination and nature and extent of treatment relationship; supportability; consistency with the record as a whole; specialization of the medical source; and other factors); *and see, Johnson*, 434 F.3d at 654.

[6] "Form reports in which a physician's obligations [sic] is only to check a box or fill in a blank are weak evidence at best." *Nazelrod v. Astrue*, 2010 WL 3038093, *6 (D.Md.) (citing *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir.1993); *McGlothlen v. Astrue*, 2012 WL 3647411, *6 (E.D.N.C.) (same).

fails to "cite to any evidence that was before the ALJ that contradicts the ALJ's analysis regarding the inconsistency between Plaintiff's treatment records and Dr. Richardson's opinion." (DE# 19 at 19-20, citing DE# 18 at 23-27).

Review of the ALJ's decision reflects that, contrary to Plaintiff's argument, the ALJ sufficiently explained why he gave Dr. Richardson's opinion little weight. After summarizing Dr. Richardson's opinion, the ALJ explained that the "assessment [was] not consistent with the treatment records as discussed above" (AR 19). The ALJ discussed the medical evidence of degenerative disc disease, consisting of treatment records which contradicted Dr. Richardson's functional assessment. (AR 18-19). Although Dr. Richardson concluded that Plaintiff could only occasionally carry up to ten pounds, "examinations consistently revealed that [Plaintiff] … had normal (5/5) strength, intact sensation and no atrophy in upper or lower extremities" (AR 18).

The ALJ observed that Dr. Richardson's opinion was inconsistent with the opinion of the consultative examiner, Dr. Steinert, whose physical evaluation of Plaintiff was "unremarkable." Dr. Steinert found that the Plaintiff had normal gait, normal range of motion, and no muscle atrophy. (AR 18, 292-96). The ALJ noted that Dr. Richardson's opinion was also inconsistent with the state agency physicians, Drs. Cain and Wilson, who opined that Plaintiff could perform light work with restrictions. (AR 19, 51-55; 60-69). Dr. Cain's assessment pointed out that Dr. Richardson's opinion was "without substantial support from other evidence of record." (AR 55). *See Jones v. Astrue*, 585 F. App'x 275, 276 (4th Cir. 2014) (upholding ALJ's decision to afford little weight to physician's opinion because ALJ adequately explained that physician's assessment was contradicted by other evidence of record). The ALJ's decision is well-supported by substantial evidence. The ALJ correctly applied the relevant law and the basis for his decision is readily discernible in the written decision. Plaintiff is not entitled to remand *See, e.g., Brown v.*

*Astrue*, Case No. 8:11–03151–RBH-JDA, 2013 WL 625599 (D.S.C. Jan. 31, 2013) (sentence four remand is only appropriate when the ALJ's decision is not supported by substantial evidence, incorrectly applied the law, or the basis of the decision is indiscernible*), adopted by* 2013 WL 625581 (D.S.C. Feb. 20, 2013).

        D. Whether to Remand for Allegedly "New and Material" Evidence

Finally, Plaintiff urges that this Court should remand based on a post-decision letter prepared by Dr. Richardson that Plaintiff submitted to the Appeals Council. (DE# 18 at 27, citing AR 304-05). The letter does not concern any new examinations or relevant diagnostic testing, and reiterates his opinion that the Plaintiff "may get some overall functional benefit from a spinal cord stimulator," and "may be a candidate for sedentary work" with certain restrictions, such as "the ability to change positions from sitting to standing throughout the day." (*Id*. at 305). Dr. Richardson emphasizes in the letter that the Plaintiff "does have degenerative changes." (*Id*.). This is not disputed -- the ALJ acknowledged that Plaintiff had severe impairments due to degenerative disc disease, but based on a comprehensive review of the evidence, found that the Plaintiff could still perform work within certain restrictions. The Appeals Council reviewed the post-decision letter but found that it provided no reason to change the result. Plaintiff disputes the Appeals Council's decision, arguing in conclusory fashion that the Appeals Counsel "failed" to consider the letter. The record reflects that the Appeals Council expressly indicated it had considered the letter.

To be entitled to remand under sentence six of 42 U.S.C. § 405(g), Plaintiff must show that there is "new and material" evidence, and good cause for the failure to incorporate such evidence into the record in prior proceedings. 42 U.S.C. § 405(g); *Bird v. Comm'r*, 699 F.3d 337, 345 n. 6 (4th Cir.2012); *Smith v. Chater*, 99 F.3d 635, 638 n. 5 (4th Cir.1996). Evidence is "new"

only if it was "not in existence or available to the claimant at the time of the administrative proceeding" and is not duplicative or cumulative. *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990); *Wilkins v. Sec. of HHS*, 953 F.2d 93, 95-96 (4th Cir. 1991); *Booker v. Colvin*, 2014 WL 6816878, *2 (D.S.C. Dec. 4, 2014). Evidence is "material" if the ALJ's decision "might reasonably have been different" had the evidence been before him. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985); *Rouse v. Colvin*, Case No. 0:11–2636–MGL, 2013 WL 6050163, *8-10 (Nov. 14, 2013). The new evidence must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). The Plaintiff bears the burden of showing that such requirements have been met. *See Gorham v. Astrue*, No. 4:05–cv–00136, 2008 WL 5085086, *1 (E.D.N.C. Nov. 24, 2008).

The Commissioner responds that the letter is neither "new" nor "material" for purposes of 20 C.F.R. § 404.968, 970(b). (DE# 19 at 21-22). The Commissioner states that Plaintiff solicited this letter for the sole purpose of rebutting the ALJ's decision, not for filling any "evidentiary gap." *Fagg v. Chater*, 106 F.3d 390, 1997 WL 39146, *2 (4th Cir. (Va.) 1997) (because the letter opinion "failed to present any relevant evidence that the ALJ did not previously consider, we conclude that this evidence is cumulative"). The Commissioner asserts that Dr. Richardson's post-decision opinion letter "still lacks support from the treatment evidence, and still conflicts with the other medical source opinion evidence and Plaintiff's admissions regarding his daily activities." (DE# 19 at 23).

Plaintiff cites *Meyers v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011) in support, claiming that the letter "directly contradicts the ALJ's conclusion." (DE# 18 at 28). Plaintiff's argument lacks analysis of how this letter meets the legal requirements for remand. The Commissioner asserts that *Meyers* and the present case are factually distinguishable and that *Meyers* is

inapplicable here. In *Meyers*, the evidence <u>was</u> "new and material." *Id*. at 705 (finding that new evidence filled an evidentiary gap in the record). In the present case, unlike *Meyer*, the ALJ did *not* find an "evidentiary gap" in the record that needed filling – the record contained Dr. Richardson's opinion, medical treatment records, consultative examinations, and state agency expert opinions. In sum, Plaintiff has not shown any basis for sentence six remand.

## **RECOMMENDATION**

Accordingly, the Magistrate Judge **RECOMMENDS** that the Commissioner's final decision is supported by substantial evidence and should be **AFFIRMED**.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 1, 2016
Charleston, South Carolina